138

SLAVICK, A MINOR, ET AL.,
APPELLANTS, v. THE STATE OF OHIO,
DEPARTMENT OF TRANSPORTATION,
DIVISION OF HIGHWAYS, ET AL.,
APPELLEES.

JONES, J., separately concurring. I concur that both parties were negligent as a matter of law and that the trial court must determine the percentage of negligence attributable to each, pursuant to R.C. 2315.19. I write separately to express my concern as to the basis of the majority's finding of negligence on the part of appellees.

Clearly, appellees were negligent in failing to erect "No Passing" signs after removal of the solid center line which had previously warned northbound motorists on State Route 94 that it was unsafe to pass at certain points on the highway. I disagree, however, that either the ODOT Construction and Material Specifications Manual or "MUTCD" requires the solid yellow center line to be replaced at the end of each work day. A solid yellow line is, by its nature, a "permanent" marking and it would seem ridiculous to require the contractor to replace it each night, only to remove it again the following morning for myriad reasons. The manuals only require temporary markings during construction, and such are sufficient when accompanied by proper signs.

FRED E. JONES, J., of the Twelfth Appellate District, sitting by assignment.